# In the United States District Court
# for the
# Western District of Texas

| Peter Diaz | § | |
| --- | --- | --- |
| | § | |
| v. | § | SA-09-CA-1000-XR |
| | § | |
| HEB Grocery Company, L.P. | § | |

**ORDER**

On this day came on to be considered Defendant's Motion to Compel Arbitration (docket no. 10).

**Background**

Plaintiff began his employment with Defendant on or about June 18, 2003.

On November 18, 2009, Plaintiff filed an Original Petition in state court alleging that Defendant discriminated against him because of his race and national origin in violation of Texas Labor Code 21.001, et seq. and Title VII of the Civil Rights Act of 1964. Plaintiff alleges that he was denied a promotional opportunity. He further alleges that after he complained about the denial he was retaliated against. He also asserts a claim for intentional infliction of emotional distress arising from these events.

On December 17, 2009, the Defendant timely removed this case to this court asserting federal question jurisdiction.

## Motion to Compel Arbitration

Defendant argues that on May 30, 2003, Plaintiff[1] signed an application for employment which contained an agreement to arbitrate.

The arbitration paragraph reads as follows:

> H-E-B and I hereby agree to submit any controversy or claim arising out of or relating to my hiring, employment, benefits, and/or separation of employment or any occupational or on-the-job injury/illness to, and resolved exclusively by, final and binding arbitration under the Federal Arbitration Act to be administered by the American Arbitration Association (AAA) or other mutually agreed to arbitrator, pursuant to the AAA's National Rules for the Resolution of Employment Disputes....

Plaintiff has not filed a response to the motion. Neither has Plaintiff challenged that he signed the application for employment.

## Analysis

The FAA covers the employment contract at issue in this case, but governs only if the court determines that: (1) the parties agreed to arbitrate the dispute in question and (2) there exist no legal constraints external to the parties' agreement that foreclose arbitration of the claims at issue. *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006) (citations omitted). A court may find that parties agreed to arbitrate the dispute in question only where: (1) there is a valid agreement to arbitrate and (2) the dispute falls within the scope of the agreement. *Am. Heritage Life Insurance Co. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003) (citation omitted). Where, as here, the contract contains an

---

[1] Apparently Plaintiff at that time was known as Ekkapoj Thongsri.

arbitration clause, there is a "presumption of arbitrability" such that "ambiguities ... [are] resolved in favor of arbitration." *Id*.

There is no dispute that the parties agreed to arbitrate their dispute. Plaintiff's claims fall within the parameters of the agreement and there exists no legal constraints external to the parties' agreement that foreclose arbitration of the claims at issue.

## Conclusion

Defendant's motion is GRANTED. It is ORDERED that Plaintiff submit his claims to arbitration pursuant to his agreement within thirty days. Failure to initiate his claims to arbitration within these 30 days may result in the dismissal of this lawsuit. All other proceedings in this case are stayed and the Scheduling Order is vacated. The parties shall file status reports with the Court on a quarterly basis beginning on April 1, 2010.

It is so ORDERED.

SIGNED this 23rd day of March, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE